UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| Gregg Appliances, Inc. and The Official Committee of Unsecured Creditors for Gregg Appliances, Inc., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Cause No. 1:18-cv-201-WTL-TAB |
| RAC Acceptance East, LLC, d/b/a Acceptance Now f/k/a Rent-A-Center East, Inc. | ) ) ) | |
| Defendant. | ) | |

**CASE MANAGEMENT PLAN**

**I.   Parties and Representatives**

    A.   **Plaintiffs:**
         Gregg Appliances, Inc.
         The Official Committee of Unsecured Creditors for Gregg Appliances, Inc.

         **Defendant**:
         RAC Acceptance East, LLC d/b/a Acceptance Now f/k/a Rent-a- Center East, Inc.

    B.   **Counsel for Plaintiffs:**

         Jeffrey A. Hokanson
         **ICE MILLER LLP**
         One American Square, Suite 2900
         Indianapolis, IN 46282-0200 Telephone:
         (317) 236-2100
         jeff.hokanson@icemiller.com

         *Counsel to Gregg Appliances, Inc.*

         John D. Giampolo **ICE**
         **MILLER LLP**
         1500 Broadway, Suite 2900

New York, NY 10036
Telephone: (212) 824-4950

19690144 v2

john.giampolo@icemiller.com
*Counsel to Gregg Appliances, Inc.*

Thomas C. Scherer
Whitney L. Mosby
**BINGHAM GREENEBAUM DOLL LLP**
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204 Telephone:
(317) 635-8900
tscherer@bgdlegal.com
wmosby@bgdlegal.com
 *Co-Counsel to The Official Committee of Unsecured Creditors for Gregg Appliances, Inc.*

Cathy Hershcopf
Summer M. McKee
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
smckee@cooley.com
*Co-Counsel to The Official Committee of Unsecured Creditors for Gregg Appliances, Inc.*

**Counsel for Defendant**:

John R. Humphrey
Michael P. O'Neil
**TAFT STETTINIUS & HOLLISTER LLP**
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone: (317) 713-3500
jhumphrey@taftlaw.com
moneil@taftlaw.com
*Counsel to RAC Acceptance East, LLC d/b/a Acceptance Now f/k/a Rent-a-Center East, Inc.*

2

## II. Jurisdiction and Statement of Claims

### A. Basis of Jurisdiction

District courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Bankruptcy court jurisdiction is granted through the district courts under Section 157(a) of title 28, which permits the district courts to refer actions within their bankruptcy jurisdiction to the bankruptcy judges of those courts. 28 U.S.C. § 157. The District Court's local rule, S.D. Ind. L.R. 83-8, automatically refers to the Bankruptcy Court all title 11 cases and proceedings commenced in this District. However, where the Bankruptcy Court does not have constitutional authority to exercise the power granted to it under Section 157 of title 28, the automatic reference to the Bankruptcy Court does not comport with the constitutional grant of authority to the district courts and, therefore, the reference must be withdrawn from the Bankruptcy Court. Here, the Defendant has argued, and the District Court has held, that the reference to the Bankruptcy Court must be withdrawn (1) pursuant to the Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011); (2) because the Defendant has the right to a jury trial on the Plaintiffs' breach of contract claim, and plans to exercise that right if necessary; and (3) because judicial economy renders it inefficient for the Bankruptcy Court to hear this action in the first instance.

### B. Plaintiffs' Claims

Plaintiffs bring claims against Defendant for breach of contract and unjust enrichment, and seek turnover of estate property comprised of funds Defendant received pursuant to the terms of the breached referral agreement dated August 29, 2012, between Plaintiff Gregg Appliances, Inc. ("Gregg") and Defendant (the "Agreement"). Pursuant to the Agreement, Gregg referred certain customers to the Defendant so the Defendant could offer such customer a rental-purchase/lease transaction for products offered for sale by Gregg. Further pursuant to the Agreement, if Gregg referred a customer to the Defendant and such customer entered a rental purchase/lease transaction with the Defendant, the Defendant was required to purchase the inventory items selected by the customer from Gregg at a purchase price equal to the lowest price offered to that customer. Additionally, and pursuant to the Agreement, if the customer elected to have the purchased items delivered by Gregg, the Defendant was required to reimburse Gregg for the delivery service in an amount not to exceed the fees paid by customers who did not finance their purchase through the Defendant. The Defendant currently owes Gregg $530,109.75 for items sold and delivered by Gregg to the Defendant's customers (the "Receivables").

Additionally, and pursuant to Section 502(d) of the Bankruptcy Code, Plaintiffs seek relief in the form of the disallowance of the Defendant's claims against the Debtors' bankruptcy estates unless and until the Defendant pays to Gregg the Receivables.

### C. Defendant's Claims

Defendant denies that the amounts asserted by the Plaintiffs are actually owing and will show that the amount owed by the bankrupt Debtors to Defendant under the Agreement is several times more than any amount which could be owing from Defendant to the Debtors.

Defendant also asserts that there is no basis to disallow Defendant's claim against Debtor's bankruptcy estate because Section 502(d) of the Bankruptcy Code does not apply. Section 502(d) would only apply if a judgment were rendered against Defendants pursuant to one of several statutes that are listed in Section 502(d), and none of those statutes are applicable to this case.

### III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **November 29, 2018**.[1]

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **December 6, 2018**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **December 13, 2018**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **January 3, 2019**.[2]

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **January 3, 2019**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 15, 2019**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after Plaintiff(s) serves its expert witness disclosure; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **November 15, 2019**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no**

---

[1] NTD: Date that is 45 days from Anchor Date, or October 15, 2018.
[2] NTD: Date that is 80 days from Anchor Date.

4

       **later than 90 days prior to the dispositive motion deadline.** If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections **no later than 120 days prior to the proposed trial month**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **December 15, 2019**.[3] This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>. If either party is seeking the production of a substantial volume of ESI, then complete the <u>ESI Supplement to the Report of the Parties' Planning Meeting</u> (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the

---

[3] Date that is approximately fourteen (14) months from Anchor Date.

    document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.**  **Discovery[4] and Dispositive Motions**

 Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

 A.  Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? No

 B.  On or before **December 13, 2018**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

 C.  Select the track that best suits this case:

  __XX__ Track 1: No dispositive motions are anticipated. All discovery shall be completed by February 15, 2020.[5] [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date

---

[4] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

[5] Date that is approximately three (3) months from Anchor Date.

6

(Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

_____ Track 2: Dispositive motions are expected and shall be filed by _____ [no later than 11-12 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by _____ [no later than 10 months from Anchor Date]; expert witness discovery and discovery relating to damages shall be completed by _____ [no later than 15 months from Anchor Date]. All remaining discovery shall be completed by no later than 16 months from Anchor Date. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.
[Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

**V.** **<u>Pre-Trial/Settlement Conferences</u>**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in July 2019.**

**VI.** **<u>Trial Date</u>**

The parties request a trial date as soon as the Court's calendar permits, but no later than November 2019. The trial is by jury and is anticipated to take <u>two (2) days</u>. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

7

**VII.** **Referral to Magistrate Judge**

    A.    **Case**. At this time, all parties **do** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

    B.    **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.** **Required Pre-Trial Preparation**

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the

      portions of the deposition that will be played, designated specifically by counter-numbers.

  5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

  6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**
  1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

  2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

  3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

  4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. <u>Other Matters</u>

[Insert any other matters any party believes should be brought to the Court's attention]

                      Respectfully submitted,

*/s/ Jeffrey A. Hokanson*
**ICE MILLER LLP**
Jeffrey A. Hokanson
One American Square, Suite 2900

Indianapolis, IN 46282-0200
Telephone: (317) 236-2100
jeff.hokanson@icemiller.com
*Counsel for Gregg Appliances, Inc.*

*/s/ Thomas C. Scherer*
**BINGHAM GREENEBAUM DOLL LLP**
Thomas C. Scherer
Whitney L. Mosby
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
Telephone: (317) 635-8900
tscherer@bgdlegal.com
wmosby@bgdlegal.com
*Counsel to the Committee*

*/s/ John R. Humphrey*
John R. Humphrey
Michael P. O'Neil
**TAFT STETTINIUS & HOLLISTER LLP**
One Indiana Square, Suite 3500
Indianapolis, IN  46204
Telephone: (317) 713-3500
jhumphrey@taftlaw.com          moneil@taftlaw.com
*Counsel to RAC Acceptance East, LLC  d/b/a*
*Acceptance Now f/k/a Rent-a- Center East, Inc.*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT ____.M., ROOM _____. |
| X | STATUS CONFERENCE IS SET IN THIS CASE IN REGARD TO CASE STATUS, SETTLEMENT, AND SELECTING A TRIAL DATE FOR DECEMBER 7, 2018, AT 10:30 A.M.<br><br>____X____ BY TELEPHONE. THE INFORMATION NEEDED BY COUNSEL OF RECORD TO PARTICIPATE IN THIS TELEPHONIC CONFERENCE WILL BE PROVIDED BY SEPARATE NOTIFICATION. |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN ___NOT ANTICIPATED____ |
| X | DISCOVERY SHALL BE COMPLETED BY FEBRAURY 15, 2020. |

11

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 161(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date:  11/15/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record via email.